*E-FILED ON 9/14/05*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYBERGUARD CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>SERVGATE TECHNOLOGIES, INC.,<br><br>    Defendant.<br>_____/ | No. C04-05214 JF (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART CYBERGUARD'S FIRST AND SECOND MOTIONS TO COMPEL FURTHER RESPONSES TO INTERROGATORIES; AND (2) DENYING CYBERGUARD'S MOTION FOR ATTORNEY'S FEES**<br><br>[Re: Docket Nos. 102, 121, 135] |

On September 13, 2005, this court heard the "Motion to Compel Further Responses to Discovery and the Production of Documents" and "Second Motion to Compel Further Responses to Interrogatories and for Attorney's Fees" filed by plaintiff CyberGuard Corporation ("CyberGuard"). Defendant ServGate Technologies, Inc. ("ServGate") opposed the motions. Upon consideration of the papers presented, as well as the arguments of counsel, the court issues the following order.

This is an action for breach of contract and accounts stated based on diversity jurisdiction. CyberGuard claims ServGate owes $862,000 for computer products ordered by ServGate under the parties' Consulting Agreement. ServGate asserts affirmative defenses, including among others, breach of contract and excuse of performance.

Presently before this court are CyberGuard's two motions to compel answers to CyberGuard's interrogatories. CyberGuard's first motion asks the court to compel ServGate to:

1  (1) provide more responsive answers to Interrogatory Nos. 4-7; and (2) separately identify documents
2  in response to Interrogatory No. 10.  CyberGuard's second motion asks the court to compel
3  ServGate to: (1) provide a more responsive answer to Interrogatory No. 3; (2) separately identify
4  documents in response to Interrogatory Nos. 8 and 9; and (3) pay CyberGuard's attorney's fees
5  incurred in bringing both motions to compel.

6        1.    CyberGuard moves to compel further responses to Interrogatory Nos. 3-7.[1]  With
7  respect to the initial and supplemental responses already provided by ServGate, CyberGuard claims
8  that ServGate's "boilerplate" responses are insufficient because ServGate states its contentions without
9  facts supporting its denials or affirmative defenses.  ServGate contends that its responses are sufficient
10 because they fully answer the interrogatories with facts limited to discovery to date.

11       CyberGuard's first and second motions in relation to Interrogatory Nos. 3-7 are
12 DENIED.  Even though ServGate's answers may not be what CyberGuard expected, ServGate has
13 answered Interrogatory Nos. 3-7.  Furthermore, it appears that ServGate has no additional responsive
14 information to provide at this time and will provide supplemental responses when additional facts
15 become available.

16       2.    CyberGuard's motion to compel a further response to Interrogatory No. 8 is
17 DENIED AS MOOT.  The parties confirm that they have resolved their dispute as to this issue, and
18 ServGate has agreed to serve its supplemental answer no later than September 20, 2005.

19       3.    With respect to Interrogatory Nos. 9 and 10,[2] CyberGuard moves for an order
20 compelling ServGate to further specify where answers can be found among documents ServGate
21 produced.  CyberGuard argues that ServGate's production of documents in lieu of a written response
22 fails to meet Fed. R. Civ. P. 33(d) because: (1) CyberGuard will have a greater burden than ServGate

---

[1] Interrogatory No. 3 seeks the factual basis for ServGate's denial that CyberGuard "manufactured" and delivered to ServGate computer security software ordered in an April 12, 2004 purchase order.  Interrogatory Nos. 4-6 seek the factual basis for ServGate's denials related to ServGate's alleged failure to pay the May 17, 24, and 28, 2004 invoices.  Interrogatory No. 7 seeks the factual basis for ServGate's affirmative defenses of "excuse of nonperformance" and "breach of contract."

[2] Interrogatory No. 9 seeks identification of all CyberGuard products and services received by ServGate and ServGate's sale, use, or other disposition of the same.  Interrogatory No. 10 seeks identification of all ServGate payments made to CyberGuard under the Consulting Agreement.

in ascertaining answers given ServGate's greater knowledge of where these answers may be in ServGate's own business records; and (2) ServGate has failed to "specify the records" from which the answer may be derived or ascertained.

ServGate argues that it meets Fed. R. Civ. P. 33(d) because: (1) the information sought is contained in business records produced; and (2) ServGate would have to engage in equally burdensome or expensive research in locating responsive information from its records. ServGate further argues that some documents have not yet been separately identified or produced because: (1) discovery is on-going; (2) the documents are "Confidential"; and (3) the parties have not yet come to an agreement on a form of protective order.

In accordance with Fed. R. Civ. P. 33(d), ServGate may answer Interrogatory Nos. 9 and 10 by producing business records. However, in doing so, ServGate must also specifically identify the records from which answers may be obtained. Fed. R. Civ. P. 33(d) (West 2005); *see also Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).

ServGate's August 15, 2005 general document production failed to specifically identify which documents answered Interrogatory Nos. 9 and 10. (*See* Kobrick Decl., Second Motion to Compel, Ex. G). As such, CyberGuard's first and second motions to compel further responses to Interrogatory Nos. 9 and 10 are GRANTED. **No later than September 20, 2005**, ServGate shall separately identify, by Bates numbers: (a) the documents which answer Interrogatory No. 9; and (b) the documents which answer Interrogatory No. 10.

4. ServGate contends that CyberGuard's request for attorney's fees was not filed in compliance with the court's Civil Local Rules. CyberGuard subsequently filed a separate motion for attorney's fees apparently meant to correct any deficiencies and noticed the hearing for October 11, 2005. This court deems the matter suitable for decision without further briefing or oral argument.

CyberGuard's motion for attorney's fees is DENIED. Under the circumstances presented, the court finds that sanctions are unwarranted.

3

1    IT IS SO ORDERED.

2    Dated:  September 14, 2005

3                                                                  /s/ Howard R. Lloyd
     HOWARD R. LLOYD
4    UNITED STATES MAGISTRATE JUDGE

1. 5:04-cv-5214 Notice will be electronically mailed to:
2. Christopher Charles Cooke     ccooke@ckwlaw.com
3. Christine Kerba Corbett     christine.corbett@dlapiper.com, carmen.manzano@dlapiper.com
4. William J. Frimel     bill.frimel@dlapiper.com, carmen.manzano@dlapiper.com
5. Irwin R Gilbert     igilbert@bizlit.net, tbowersock@bizlit.net
6. Jeffrey W. Kobrick     jkobrick@ckwlaw.com, jkobrick@jps.net
7. Stephen S. Wu     swu@ckwlaw.com
8. Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.