**\*E-FILED ON 9/29/05\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CYBERGUARD CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>SERVGATE TECHNOLOGIES, INC.,<br><br>  Defendant.<br>_____/ | No. C04-05214 JF (HRL)<br><br>**ORDER GRANTING (AS MODIFIED) DEFENDANT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER**<br><br>**[Re: Docket No. 145]** |

  This is an action for breach of contract based on diversity jurisdiction. Defendant Servgate Technologies, Inc. ("Servgate") moves for entry of a protective order. Plaintiff Cyberguard Corporation ("Cyberguard") opposed the motion. Servgate voluntarily waived a reply. This court finds the matter suitable for determination without oral argument. CIV. L.R. 7-1(b). Having considered the papers submitted by the parties, the court issues the following order.

  Preliminarily, the court notes that there are no specific documents before it on the instant motion. The only dispute is whether certain terms should be included in a blanket protective order. The parties have negotiated and agreed to most of the terms of a protective order containing two tiers of confidentiality: (1) "Confidential" and (2) "Highly Confidential – Attorneys' Eyes Only." However, they have been unable to agree on certain provisions that Cyberguard says should be included. Specifically, Cyberguard argues that:

1　(1)　Court reporters should not be permitted to retain copies of "Highly Confidential –
2　　　Attorneys' Eyes Only" documents after any deposition;
3　(2)　The parties should be precluded from disclosing "Highly Confidential – Attorney's
4　　　Eyes Only" information to outside copy services;
5　(3)　The parties should be precluded from disclosing any "Highly Confidential – Attorneys'
6　　　Eyes Only" information to outside graphic vendors unless the court has ruled that the
7　　　documents are admissible at trial;
8　(4)　The parties should be required to obtain a court order before offering into evidence
9　　　any "Highly Confidential – Attorneys' Eyes Only" at trial or before seeking to use such
10　　　material in any court proceeding; and
11　(5)　The parties should be able to object to the production of any trade secret information,
12　　　notwithstanding the entry of any blanket protective order.

13　　Upon a showing of "good cause," Fed. R. Civ. P. 26(c) authorizes courts to "protect a party
14　or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by
15　ordering "that a trade secret or other confidential research, development, or commercial information
16　not be revealed or be revealed only in a designated way . . . ."  See FED. R. CIV. P. 26(c)(7).  The
17　party seeking a protective order has the burden of showing that the protection is warranted under Fed.
18　R. Civ. P. 26(c).

19　　Court reporters and professional vendors (i.e., graphics and copy services) should be
20　permitted sufficient access to "Highly Confidential – Attorneys' Eyes Only" material as may be
21　necessary for this litigation – i.e., to record proceedings, mark exhibits, prepare transcripts, and to
22　assist the parties in preparing for trial or other court proceedings.  To ensure their compliance with the
23　terms of the protective order, the court will modify Servgate's proposed protective order to require
24　that these individuals/entities sign the "Acknowledgment and Agreement to Be Bound" by the
25　protective order.  Cyberguard does not adequately explain why disclosure to graphics vendors should
26　be tied to a court ruling that a particular document is admissible at trial, or how such a procedure
27　would be feasible for pre-trial proceedings.  It may be that the sensitivity or confidentiality of particular
28　documents might warrant greater protection – for example, that they be copied only in-house.  As

*United States District Court*
*For the Northern District of California*

noted above, however, there are no specific documents at issue before the court on this motion, and the court declines to rule in a vacuum as to whether such measures are necessary. In any event, nothing in Servgate's proposed protective order precludes Cyberguard from seeking a modification of the protective order to provide other or greater protection for particular documents upon a showing that such protection is warranted under Fed.R.Civ.P. 26(c). (*See* Mot., Ex. A (Servgate's Proposed Protective Order, ¶ 12.1)).

Cyberguard's request for a provision requiring a court order before any party may offer "Highly Confidential – Attorneys' Eyes Only" materials into evidence or use them in a court proceeding is denied. This court finds that such a requirement would be unduly cumbersome. If a party plans to file such documents with the court, Civil Local Rule 79-5 sets out procedures to have such information filed under seal. To the extent a party plans to reference such information in any court hearing, the parties and the court will take reasonable steps to ensure that confidential information is not publicly disclosed. Any procedures for handling such information at trial shall be left to the discretion of the District Court.

Finally, Cyberguard argues that it should be permitted to object to the production of any documents on the ground that they comprise trade secrets. It asserts that Servgate has requested certain trade secret information which is wholly irrelevant and unnecessary in this action. It further contends that even if its trade secret information is relevant, the court must nevertheless balance defendant's need for the information against the potential harm of disclosure. The very purpose of a protective order, however, is to address any harm of disclosure by limiting the dissemination and use of such information in this action. In any event, Servgate's proposed protective order does not preclude Cyberguard from objecting to the disclosure of such information on the grounds that it is unnecessary or irrelevant. (*See* Mot., Ex. A (Servgate's Proposed Protective Order, ¶ 12.2)).

Based on the foregoing, this court will enter Servgate's proposed protective order in this action (with some grammatical and other modifications deemed appropriate by the court). The presumptive motion hearing set for October 4, 2005, 10:00 a.m. is VACATED.

3

United States District Court
For the Northern District of California

IT IS SO ORDERED.

Dated: September 29, 2005

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

:5:04-cv-5214 Notice will be electronically mailed to:

Christopher Charles Cooke     ccooke@ckwlaw.com

Christine Kerba Corbett     christine.corbett@dlapiper.com, carmen.manzano@dlapiper.com

William J. Frimel     bill.frimel@dlapiper.com, carmen.manzano@dlapiper.com

Irwin R Gilbert     igilbert@bizlit.net, tbowersock@bizlit.net

Jeffrey W. Kobrick     jkobrick@ckwlaw.com, jkobrick@jps.net

Stephen S. Wu     swu@ckwlaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.